FILED
2019 Nov-25 PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TYRONE PETERSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:19-cv-00088-LCB |
| ) | |
| INTERBAY FUNDING LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the court on the defendant's motion for sanctions (doc. no. 29). On November 7, 2019 the Court ordered the plaintiff to show good cause by November 12, 2019, as to why this case should not be dismissed for failure to prosecute, to which, the court has not received a response. Doc. no. 31. Upon consideration and for the reasons stated below, this case is due to be dismissed, without prejudice, for want of prosecution by the plaintiff.

The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion. *Deaton v. Fla.*, 734 F. App'x 748 (11th Cir. 2018), citing *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). The Eleventh Circuit in *Deaton* explained further that

> If a plaintiff fails to comply with a court order, the district court may *sua sponte* dismiss the case based on either Federal Rule of Civil Procedure 41(b) or its inherent power to manage the docket. *Betty K*

> *Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Dismissal upon disregard of an order—especially where, as here, the litigant has been forewarned—is generally not an abuse of discretion. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Moreover, such a dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file. See *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983).

Deaton v. Fla., 734 F. App'x 748 (11th Cir. 2018). Likewise, Rule 37(b), Fed. R. Civ. P., provides "[i]f a party. . .fails to obey an order to provide or permit discovery. . .the court where the action is pending may issue further just orders. They may include the following:. . .dismissing the action or proceeding in whole or in part;…" Rule 37(b)(2)(A)(v), Fed. R. Civ. P. (ellipses supplied).

## I. BACKGROUND

Defendant, based upon complete diversity, removed this action from the Madison County Circuit Court (CV-2019-900065.00) on January 19, 2019. Doc. nos. 1 and 1-1, at 2. Plaintiff filed the underlying state action on January 9, 2019, seeking to enjoin a foreclosure sale, set to occur the following day on January 10, 2019. Doc. no. 1-1, at 6-7. The state court took no action in this matter prior to its removal to this court. Doc. no. 1-1, at 2-5.

On January 25, 2019, in the case at bar, defendant filed a motion to dismiss (doc. no. 8), the court entered a briefing schedule (doc. no. 9), and, in response, plaintiff requested leave to amend his complaint, which the court granted on March 28, 2019. Doc. no. 13. Thereafter, the court, on April 17, 2019, ordered the plaintiff

to file his amended complaint by April 24, 2019.  Doc. no. 15.  Upon plaintiff's failure to file his amended complaint by April 24, 2019, the court entered a show cause order (doc. no. 16) directing plaintiff to show good cause for failure to file his amended complaint as ordered and why the case should not be dismissed for failure to prosecute by May 10, 2019.  Plaintiff filed his amended complaint on May 10, 2019.  Doc. no. 18.  A scheduling order was entered on June 19, 2019.  Doc. no. 22.  Defendant on August 27, 2019 filed a motion to compel the plaintiff to respond to discovery within ten (10) days (doc. no. 24, later amended by doc. no. 25); the court held a hearing on this motion by teleconference on September 16, 2019.  All parties were present on the teleconference, the plaintiff had no objection to defendant's motion to compel and agreed to promptly comply with defendant's discovery request.  The court subsequently entered an order granting defendant's motion to compel, along with the amendment, on September 18, 2019, thereby giving the plaintiff ten (10) days to comply with said order.  Doc. no. 27.  On October 7, 2019 defendant filed a motion for sanctions under Rule 37, Fed. R. Civ. P., alleging that plaintiff had failed to respond to discovery, despite the court's previous order to compel.  Doc. no. 29.  The court then gave the plaintiff an opportunity to respond, setting a response deadline for October 15, 2019.  Doc. no. 30.  Due to plaintiff's failure to respond, the court entered a show cause order for plaintiff to show good cause as to why this case should not be dismissed for failure to prosecute and set a

response deadline of November 12, 2019. Doc. no. 30. Plaintiff once again has failed to respond to the court's order.

## II. CONCLUSION

This court has provided the plaintiff ample opportunity to respond to defendant's discovery or to file a responsive objection. Further, plaintiff's failure to respond to this court's orders, has left the court no alternative, but to dismiss this case.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that this case be, and the same hereby is, DISMISSED, without prejudice, for want of prosecution. Parties shall bear their own attorneys' fees; all costs are taxed to the plaintiff. The Clerk is directed to close this file.

**DONE** and **ORDERED** this November 25, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE